UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**1:44 pm, Jun 15, 2020**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

| | | |
|---|---|---|
| S. TUCK, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case No:  1:20-cv-1633-JPH-TAB |
| | ) | |
| B. MILLER, | ) | |
| A. COPELAND, | ) | |
| ARAMARK CORPORATION. | ) | |
|     Defendants | ) | |

**§1983 PRISONER COMPLAINT**

**I.    PARTIES**

A.  PLAINTIFFS:     S. Tuck DOC #211424
Pendleton Correctional
4490 W Reformatory Rd
Pendleton IN 46064


The issues Plaintiff is suing about all took place in the Pendleton Correctional Facility

after conviction, while confined serving a sentence.

DEFENDANTS        Brandon Miller, Food Service Supervisor
Aramark Corporation
Pendleton Correctional Facility
4490 W Reformatory Rd
Pendleton IN 46064

Amanda Copeland, District Manager
Aramark Corporation
One Allison Way
Indianapolis, IN 46222

Aramark Corporation
One Allison Way
Indianapolis, IN 46222

1

## II.    GRIEVANCE PROCEDURE

There is a prisoner grievance system that would allow Plaintiff to file a grievance about the issues being sued for.   Plaintiffs exhausted his administrative remedies.   (See grievances attached as Exhibit A)  This completes the administrative options the Plaintiff had.

## III.   CAUSES OF ACTION WITH SUPPORTING FACTS

1.  Defendant, Brandon Miller, in his individual and official capacity, deliberately, knowingly, willfully and with wanton disregard for the health and welfare of Plaintiff Tuck violated Plaintiff Tuck's due process and Eighth Amendment rights under the U.S. Constitution to be free from cruel and unusual punishment when he knowingly required Plaintiff to accept, use and reuse, one plastic spoon and two plastic cups ("utensils") for every meal served at Pendleton Correctional Facility, without providing Plaintiff means to sanitize the utensils and to keep them safe and free from harmful substances, causing Plaintiff to become sick, be in need of medical care, and suffer physical pain and mental pain and anguish, for the purpose of saving cost and increasing company profitability.

On or about June 19, 2019 to June 23, 2019 Plaintiff was issued utensils and told that Aramark Food Supervisor, Defendant Miller, Aramark District Manager, Defendant Copeland, and Defendant Aramark would no longer be providing Plaintiff with utensils each meal and Plaintiff would have to bring his one time issued utensils to the chow hall each meal to eat the food served by Aramark.  If Plaintiff accidently left his utensils on an Aramark food tray or lost his utensils, he would have to purchase replacement utensils himself or not have any to eat with.

In addition to no longer providing new and/or sanitized utensils each meal, Defendant Miller did not and would not provide Plaintiff with any product to regularly sanitize the utensils, nor any safety device, equipment or product to healthfully and safely transport the utensils

2

around the facility.  Plaintiff has to walk around the facility with the utensils exposed to unclean surfaces in order to have his utensils to eat when attending the chow hall upon leaving locations in the facility that he had to attend on passes.

Defendant Miller has required Plaintiff to use the utensils to eat in the chow hall, and from the usage of the unsanitary utensils, Plaintiff became sick and needed medical care, despite the attempts to clean and sanitize the utensils without the proper products.

The purpose of Defendant Miller no longer providing regular and properly sanitized utensils for each meal is not to maintain or improve the health and safety of Plaintiff, but to disregard Plaintiff's health and well-being, subjecting him to unnecessary illness, which is cruel and unusual punishment, all for the purpose of increased company profitability.

These deliberate, malicious, and willful acts by Defendant Miller to disregard Plaintiff's health, subject him to cruel and unusual punishment by requiring him to eat with utensils he cannot properly sanitize and keep clean, causing him to become sick, for the purpose of increased company profitability is a violation of Plaintiff's due process and Eighth Amendment Rights under the United States Constitution and Defendant Miller must be held accountable.

2.  Defendant, Amanda Copeland, in her individual and official capacity, deliberately, knowingly, willfully and with wanton disregard for the health and welfare of Plaintiff Tuck violated Plaintiff Tuck's due process and Eighth Amendment rights under the U.S. Constitution to be free from cruel and unusual punishment when he knowingly required Plaintiff to accept, use and reuse, one plastic spoon and two plastic cups ("utensils") for every meal served at Pendleton Correctional Facility, without providing Plaintiff means to sanitize the utensils and to keep them safe and free from harmful substances, causing Plaintiff to become sick, be in need of

3

medical care, and suffer physical pain and mental pain and anguish, for the purpose of saving cost and increasing company profitability.

On or about June 19, 2019 to June 23, 2019 Plaintiff was issued utensils and told that Aramark Food Supervisor, Defendant Miller, Aramark District Manager, Defendant Copeland, and Defendant Aramark would no longer be providing Plaintiff with utensils each meal and Plaintiff would have to bring his one time issued utensils to the chow hall each meal to eat the food served by Aramark. If Plaintiff accidently left his utensils on an Aramark food tray or lost his utensils, he would have to purchase replacement utensils himself or not have any to eat with.

In addition to no longer providing new and/or sanitized utensils each meal, Defendant Copeland did not and would not provide Plaintiff with any product to regularly sanitize the utensils, nor any safety device, equipment or product to healthfully and safely transport the utensils around the facility. Plaintiff has to walk around the facility with the utensils exposed to unclean surfaces in order to have his utensils to eat when attending the chow hall upon leaving locations in the facility that he had to attend on passes.

Defendant Copeland has required Plaintiff to use the utensils to eat in the chow hall, and from the usage of the unsanitary utensils, Plaintiff became sick and needed medical care, despite the attempts to clean and sanitize the utensils without the proper products,

The purpose of Defendant Copeland no longer providing regular and properly sanitized utensils for each meal is not to maintain or improve the health and safety of Plaintiff, but to disregard Plaintiff's health and well-being, subjecting him to unnecessary illness, which is cruel and unusual punishment, all for the purpose of increased company profitability.

These deliberate, malicious, and willful acts by Defendant Copeland to disregard Plaintiff's health, subject him to cruel and unusual punishment by requiring him to eat with

4

utensils he cannot properly sanitize and keep clean, causing him to become sick, for the purpose

of increased company profitability is a violation of Plaintiff's due process and Eighth

Amendment Rights under the United States Constitution and Defendant Copeland must be held

accountable.

3.  Defendant, Aramark Corporation, in its individual and official capacity, deliberately,

knowingly, willfully and with wanton disregard for the health and welfare of Plaintiff Tuck

violated Plaintiff Tuck's due process and Eighth Amendment rights under the U.S. Constitution

to be free from cruel and unusual punishment when it knowingly required Plaintiff to accept, use

and reuse, one plastic spoon and two plastic cups ("utensils") for every meal served at Pendleton

Correctional Facility, without providing Plaintiff means to sanitize the utensils and to keep them

safe and free from harmful substances, causing Plaintiff to become sick, be in need of medical

care, and suffer physical pain and mental pain and anguish, for the purpose of saving cost and

increasing company profitability.

On or about June 19, 2019 to June 23, 2019 Plaintiff was issued utensils and told that

Aramark Food Supervisor, Defendant Miller, Aramark District Manager, Defendant Copeland,

and Defendant Aramark would no longer be providing Plaintiff with utensils each meal and

Plaintiff would have to bring his one time issued utensils to the chow hall each meal to eat the

food served by Aramark.  If Plaintiff accidently left his utensils on an Aramark food tray or lost

his utensils, he would have to purchase replacement utensils himself or not have any to eat with.

In addition to no longer providing new and/or sanitized utensils each meal, Defendant

Aramark Corporation did not and would not provide Plaintiff with any product to regularly

sanitize the utensils, nor any safety device, equipment or product to healthfully and safely

transport the utensils around the facility.  Plaintiff has to walk around the facility with the

5

utensils exposed to unclean surfaces in order to have his utensils to eat when attending the chow hall upon leaving locations in the facility that he had to attend on passes.

Defendant Aramark Corporation has required Plaintiff to use the utensils to eat in the chow hall, and from the usage of the unsanitary utensils, Plaintiff became sick and needed medical care, despite the attempts to clean and sanitize the utensils without the proper products,

The purpose of Defendant Aramark Corporation no longer providing regular and properly sanitized utensils for each meal is not to maintain or improve the health and safety of Plaintiff, but to disregard Plaintiff's health and well-being, subjecting him to unnecessary illness, which is cruel and unusual punishment, all for the purpose of increased company profitability.

These deliberate, malicious, and willful acts by Defendant Aramark Corporation to disregard Plaintiff's health, subject him to cruel and unusual punishment by requiring him to eat with utensils he cannot properly sanitize and keep clean, causing him to become sick, for the purpose of increased company profitability is a violation of Plaintiff's due process and Eighth Amendment Rights under the United States Constitution and Defendant Aramark Corporation must be held accountable.

## IV.    JURY DEMAND

Plaintiff seeks a bench trial in this case.

## V.    PREVIOUS LAWSUITS

Plaintiff has not sought a previous lawsuit against these defendants concerning these issues.

## VI.    RELIEF WANTED

Plaintiffs request, but not limited to, the following:

    a.  A written apology to the Plaintiff for putting his health at risk;
    b.  Sanitizing product on a continuous basis to keep the spoon and cup sanitized and clean or  the defendants return to providing spoons and cups each meal;
    c.  Provide Plaintiff with some type of protection product to store their spoon and cup for transport throughout the facility;
    d.  Ten thousand dollars ($10,000.00) in compensatory damages from each defendant to Plaintiff plus unspecified legal fees;
    e.  One thousand dollars ($1,000.00) in punitive damages from each Defendant to Plaintiff.

## VII.    VERIFICATION AND SIGNATURE

We, the Plaintiffs, declare all the statements made in this amended complaint to be true and self-evident to the best of our abilities.

Respectfully submitted,

S. Tuck

7