UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| S. TUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01633-JPH-TAB |
| | ) |
| BRANDON MILLER, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*,
Screening Complaint, and Directing Service of Process**

## I.     Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff Steven Tuck's motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**. Although Mr. Tuck is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("[T]he prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because Mr. Tuck has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time. Mr. Tuck will, however, be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). A collection order will be issued to Mr. Tuck and his custodian.

## II.     Screening of Complaint

Mr. Tuck, an inmate at Pendleton Correctional Facility ("Pendleton"), brings this 42 U.S.C. § 1983 action alleging that the defendants are violating his constitutional right to be free from cruel

1

and unusual punishment. Because Mr. Tuck is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915(a), (c).

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. Allegations and Discussion

Mr. Tuck's complaint names the following defendants: 1) Brandon Miller, Food Service Supervisor; 2) Amanda Copeland, District Manager; and 3) Aramark Corporation ("Aramark"). For relief, Mr. Tuck seeks an apology, sanitizing products, a place to protect and store his spoon and cup, and compensatory and punitive damages.

Mr. Tuck's claims can be stated very simply. He alleges that, beginning in June 2019, defendants Miller and Copeland stated they would no longer be providing utensils at each meal. Rather, the defendants issued utensils and now require each inmate to use and reuse one plastic

spoon and two plastic cups and bring them to the chow hall each meal. Mr. Tuck has to walk around the prison carrying the utensils, which exposes them to unclean surfaces. He alleges that the defendants have not provided means to sanitize or protect the utensils and this has caused him to become sick and in need of medical care. Defendant Aramark allegedly changed the means by which utensils were provided to inmates to save money and increase company profits. Mr. Tuck alleges that these conditions and the defendants' deliberate indifference to his health and safety violates his Eighth Amendment rights.

Inmates are entitled to the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Exposure to a significant risk of severe injury" can violate the Eighth Amendment. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 504 (7th Cir. 2016).

The mere fact that Mr. Tuck now has to eat with plastic utensils and cups does not rise to the level of a constitutional violation. *See United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) (citing *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) ("The Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons.")). "[T]he fact that the plaintiff must eat with *plastic utensils* and drink from Styrofoam cups fails to implicate the Constitution." *Armstrong v. Lane*, 771 F. Supp. 943, 949 (C.D. Ill. 1991) (emphasis in original). "Unacceptable conditions include those that pose a substantial risk to inmate health or safety." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (internal quotation omitted).

Here, however, Mr. Tuck alleges that the use of plasticware and having to carry the utensils around Pendleton caused him to become ill and suffer physical pain. He further alleges that the defendants refused to provide products to sanitize and protect the utensils, disregarding Mr. Tuck's

health and safety. These allegations must be taken as true at this stage of the case. Accordingly, Mr. Tuck's Eighth Amendment claims **shall proceed** against all three defendants.

These are the claims the Court discerns in the complaint. If Mr. Tuck believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 13, 2020**, in which to identify those claims.

### C. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Brandon Miller, Amanda Copeland, and Aramark Corporation in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### III. Conclusion

Mr. Tuck's motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**. His Eighth Amendment claims **shall proceed** against Brandon Miller, Amanda Copeland, and Aramark Corporation.

**SO ORDERED.**

Date: 6/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

S. TUCK
211424
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aramark Corporation
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Brandon Miller
c/o Aramark Corporation
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Amanda Copeland
c/o Aramark Corporation
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
54 Monument Circle, 4th floor
Indianapolis, IN 46204