UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN T. TUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01633-JPH-TAB |
| ) | |
| BRANDON MILLER, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motions to Recruit Counsel and Consolidate Cases**

On December 1, 2020, plaintiff Steven Tuck filed a motion to recruit counsel and consolidate cases. Dkt. 28, *see also* dkt. 29 (duplicate motion). He asks the Court to consolidate this case with six other similar cases and appoint counsel to represent all of the plaintiffs in the consolidated action. Dkt. 28. Defendants have not responded to Mr. Tuck's motion.

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) ("A court can in appropriate circumstances consolidate cases before it . . ., whether or not the parties want the cases consolidated . . . ."). "[T]he best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999).

At this time, Mr. Tuck's request for consolidation is **denied**. The defendants have asserted the affirmative defense that Mr. Tuck failed to exhaust his administrative remedies before filing this action as required by the Prison Litigation Reform Act. *See* dkt. 19 (entry directing

development of exhaustion defense). This affirmative defense is specific to Mr. Tuck and thus is not a common question of law or fact in all the actions referenced by Mr. Tuck in his motion.

Additionally, to the extent Mr. Tuck seeks appointment of counsel, litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020); *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Thomas*, 951 F.3d at 859 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion to be used by indigent litigants seeking appointment of counsel. The form requests the information necessary for the Court to make a determination on the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel.

At this point in the litigation, Mr. Tuck's request for counsel is **denied**. He has not shown a need for assistance of counsel, provided sufficient information to make a determination on the merits of the request, or acknowledged the conditions of the appointment of counsel. He may renew his motion for appointment of counsel by filling out the form motion for assistance with recruiting counsel that the Court will send to him along with his copy of this Order.

For these reasons, Mr. Tuck's motions to recruit counsel and consolidate cases, dkts. [28] and [29], are **denied**.

The **clerk is directed** to send Mr. Tuck a motion for assistance recruiting counsel form with his copy of this Order.

**SO ORDERED.**

Date: 1/14/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN T. TUCK
982012
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com