UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN T. TUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01633-JPH-TAB |
| | ) | |
| BRANDON MILLER, | ) | |
| AMANDA COPELAND, | ) | |
| ARAMARK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Steven Tuck is an Indiana inmate incarcerated at Pendleton Correctional Facility ("Pendleton"). He brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by requiring him to reuse a plastic cup and spoon without providing sufficient opportunities for him to clean and sanitize them. Dkt. 2. As a result, he alleges, he became sick. *Id.* Defendants Brandon Miller, Amanda Copeland, and Aramark Correctional Services, LLC ("Aramark")[1] have filed a motion for summary judgment. Dkt. 38. Because there is no evidence in the record that Defendants violated Mr. Tuck's constitutional rights or that Mr. Tuck was injured as a result, that motion is **GRANTED**.

---

[1] Mr. Tucked identified Aramark as "Aramark Corporation" in his complaint, *see* dkt. 2, but its proper name is Aramark Correctional Services, LLC. The **clerk is directed** to update the name of this Defendant on the docket accordingly.

# I.
## Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Defendants have met that burden through their unopposed motion for summary judgment. Mr. Tuck failed to respond to the summary judgment motion.[2] Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman,* 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because Defendants moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Here, Mr. Tuck has not responded to the summary judgment motion, so the Court treats

---

[2] Defendants notified Mr. Tuck regarding his right to respond and submit evidence in opposition to their motion for summary judgment and provided him with copies of Fed. R. Civ. P. 56 and S.D. Ind. L.R. 56-1 on September 8, 2021. Dkt. 41; dkt. 41-1.

Defendants' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

Aramark is an independent contractor that contracts with the Indiana Department of Correction ("IDOC") to supply food services. Declaration of Amanda Copeland ("Copeland Dec."), dkt. 40-1 ¶ 5. The contract provides as follows:

> **1.1.    Overview of Contractor's Responsibilities**
>
> 1. The Contractor shall operate and manage food services for correctional facilities under the jurisdiction of the Department of Correction. These duties include purchasing food supplies and small wares, on-site storage of food supplies; delivery of food supplies; preparation of food; servicing food to offenders, students and staff; cleaning and maintaining a sanitary food service area and designated are for storage of food supplies.

*Id.* Aramark is responsible for cleaning and sanitizing the food service area, dining areas, and food storage areas. *Id.* ¶ 5. Aramark is not responsible for sanitizing any other parts of the prison, including inmate quarters. *Id.* ¶ 6. Aramark is also not responsible for providing hot water, soap, or cleaning supplies to inmates, and it does not have the ability to issue soap or hygiene products to individual inmates. *Id.* The IDOC supplies inmates with hygiene items. *Id.* at ¶ 9.

Brandon Miller is the Food Services Director for Aramark at Pendleton. Declaration of Brandon Miller, dkt. 40-2 ¶ 2. The IDOC instructed him to implement a reusable cup and spork practice at Pendleton, under which inmates were issued plastic cups and sporks and were required to bring them to and from the dining halls. *Id.* ¶¶ 5, 7. The IDOC has used this practice at other facilities. *Id.* ¶ 5. It is Mr. Miller's understanding that the practice was put into place to reduce waste and prevent inmates from flushing disposable utensils down

toilets. *Id.* After he received the instruction from the IDOC, he ordered cups and sporks and had them distributed to the inmates. *Id.* It is his understanding that the cups and sporks are safe for inmate use. *Id.* ¶¶ 5, 8.

Mr. Miller has personally used the faucets in the kitchen and in the restrooms at Pendleton, and those faucets always produced hot water when he used them. *Id.* ¶ 6. Soap was also available in those places. *Id.*

Defendant Amanda Copeland is Vice President of Operations for Aramark. Copeland Dec., dkt. 40-1 ¶ 2. Before that, she was a District Manager for Aramark for about two years, and her district included Pendleton. *Id.* ¶ 3. Ms. Copeland was not personally involved in the decision to issue reusable cups and sporks at Pendleton. *Id.* ¶ 7. When she was a District Manager for Aramark, she visited Pendleton once a week. *Id.* ¶ 8. Her most recent visit to Pendleton occurred on July 30, 2021. *Id.* During her visits, she personally used the faucets in the kitchen and restrooms, and the faucets always produced hot water. *Id.*

### III.
### Discussion

In his complaint, Mr. Tuck alleges that Defendants were deliberately indifferent to his health and safety by implementing a policy in June 2019 so that reusable plastic cups and sporks would be used at Pendleton. Dkt. 2. He further alleges that Defendants failed to provide him with a way to sanitize the utensils, and that failure caused him to become ill. *Id.*

At all relevant times, Mr. Tuck was a convicted offender. This means that the Eighth Amendment applies to his claim. *Estate of Clark v. Walker*, 865 F.3d

544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### A.    Claims Against Aramark

Although a private entity, Aramark acts under color of state law and therefore may be liable for violating Mr. Tuck's Eighth Amendment rights under the theory announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 966 (7th Cir. 2019). "Prevailing on such a claim requires evidence that a[n Aramark] policy, practice, or custom caused" the constitutional violation. *Id.* "[A] plaintiff must ultimately prove three elements: (1) an action pursuant to a municipal [or corporate] policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning the municipal [or corporate] action was the 'moving force' behind the constitutional injury." *Hall v. City of Chi.*, 953 F.3d 945, 950 (7th Cir. 2020).

In this case, Mr. Tuck alleges that he suffered harm because of: (1) the policy requiring inmates to use reusable plastic cups and sporks, which they had to transport to and from the dining hall; and (2) his inability to access hot water and soap to sanitize the plastic cups and sporks. But the undisputed designated evidence establishes that the IDOC—not Aramark—implemented the policy of requiring inmates to use plastic cups and sporks. And, even assuming that Mr. Tuck's inability to access hot water and soap rises to the level of a "policy" for purposes of *Monell,* the undisputed designated evidence establishes

that the IDOC—not Aramark—controlled inmates' access to the soap and hot water they needed to sanitize the plastic cups and sporks. That is, Mr. Tuck has failed to designate any evidence of a potentially unconstitutional Aramark policy.

Even if Aramark had initiated the reusable-cup-and-spork policy, which it did not, Mr. Tuck has not designated any evidence from which a reasonable juror could conclude that the policy was the "moving force" behind the constitutional injury that he alleges. The Constitution requires prison officials to provide inmates "'the minimal civilized measure of life's necessities.'" *Isby v. Brown,* 856 F.3d 508, 521 (7th Cir. 2017) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)); *see also United States v. Weathington,* 507 F.3d 1068, 1073 (7th Cir. 2007) ("The Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons.") (internal quotation omitted)). "Requiring inmates to keep, clean, and reuse their own dishes and utensils does not, by itself, violate this standard." *Howard v. Miller*, No. 1:20-cv-352-TWP-MPB, 2022 WL 623367, at *4 (S.D. Ind. March 2, 2022). If the plastic-cup-and-spork policy is problematic, it is problematic because Mr. Tuck lacks access to hot water and soap—that is, Mr. Tuck's "inability to access these resources—not [the] restriction to reusable dishes and utensils—appears to be the force behind any inhumane conditions of confinement." *Id.* And the undisputed designated evidence establishes that Aramark does not control inmates' access to soap and hot water. Thus, no Eighth Amendment violation is attributable to Aramark, and it is entitled to summary judgment on Mr. Tuck's claims. *Id.*

### B.  Claims Against Copeland and Miller

Mr. Tuck alleges that Ms. Copeland and Mr. Miller were deliberately indifferent to his need for sanitary cups and eating utensils. "A prison official who acts with deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021). "This standard encompasses 'both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety.'" *Id.* (quoting *Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir. 2006)). The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To defeat summary judgment, Mr. Tuck must designate sufficient evidence to support the objectively serious and subjectively culpable components of his Eighth Amendment claims. He has not done so.

First, Mr. Tuck has not designated any evidence that he actually became sick after the plastic-cup-and-spork policy was implemented. *See* dkt. 39 at 14 (explaining that Mr. Tuck produced no initial disclosures or medical records showing visits to the medical facility).

Second, even if he had designated such evidence and even assuming that being "sick" is objectively serious, no designated evidence suggests that Ms. Copeland or Mr. Miller were responsible for the decision to issue reusable cups and sporks at Pendleton. Nor is there any evidence that either of them had any reason to believe that the decision—whether made by the IDOC or Aramark—would harm Mr. Tuck. Mr. Miller was aware that other IDOC prisons had used the same types of utensils. It is his understanding that the cups and sporks were safe. Both Defendants believed that inmates had access to soap and hot water and were therefore able to clean their utensils. Mr. Tuck has not designated any evidence to the contrary. Thus, there is no material fact in dispute as to whether either Ms. Copeland or Mr. Miller were aware that the change in policy would pose a substantial risk to Mr. Tuck's  health and safety.

Accordingly, Ms. Copeland and Mr. Miller are entitled to summary judgment in their favor because Mr. Tuck has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp.*, 477 U.S. 317 at 323.

## C. Causation

Defendants are entitled to summary judgment for the separate reason that Mr. Tuck has not designated evidence supporting an inference that the reusable-cup-and-spork policy caused his injuries. Section 1983 allows for recovery only by a "party injured" by a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. That is, to prevail under § 1983, Mr. Tuck must show that Defendants caused his injury—in this case,

becoming "sick." *See* dkt. 2 at 3; *see also Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015) (a plaintiff must "establish one of the necessary elements of a constitutional tort: that the officer's act . . . caused any injury.") (internal quotation omitted).

Mr. Tuck has not designated any evidence from which a reasonable jury could conclude that using the reusable sporks and cups caused him to become ill. A party opposing summary judgment must "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant*, 870 F.3d at 568.

Defendants contend that Mr. Tuck has not produced any initial disclosures, medical records, or expert testimony showing that he became sick because he used unwashed plastic sporks and cups. Dkt. 39 at 14. At this stage, Mr. Tuck must go beyond the allegations in his complaint and identify specific facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 256. He has failed to do so, and no designated evidence supports the inference that he became sick because of Defendants' actions.

### IV.
### Conclusion

For the reasons discussed above, Defendants' motion for summary judgment, dkt. [38], is **granted.** This action is dismissed **with prejudice.** The **clerk is directed** to update the docket to reflect that Defendant "Aramark Corporation" should be identified as "Aramark Correctional Services, LLC." Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 9/30/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN T. TUCK
982012
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com